IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD STEWART,

                                              ORDER

                Plaintiff,

                                              09-cv-687-bbc

     v.

KAREN E. TIMBERLAKE,
JOHN EASTERDAY and
STEVE WATTERS,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff is proceeding in this case on his claims that defendants violated his First Amendment right to access video games and his rights under Wisconsin's mental health act, Wis. Stat. § 51.61(1)(e).  Now plaintiff has filed a motion for a preliminary injunction in which he seeks to enjoin defendants from denying him access to video games.  I cannot consider plaintiff's motion for preliminary injunctive relief at this time because his submissions do not comply with this court's procedures for such motions, but I will give him another chance to submit materials in support of his motion.

      The standard applied to determine whether plaintiff is entitled to preliminary injunctive relief is well established.

1

> A district court must consider four factors in deciding whether a preliminary injunction should be granted. These factors are: 1) whether the plaintiff has a reasonable likelihood of success on the merits; 2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; 3) whether the threatened injury to the plaintiff outweighs the threatened harm an injunction may inflict on defendant; and 4) whether the granting of a preliminary injunction will disserve the public interest.

Pelfresne v. Village of Williams Bay, 865 F.2d 877, 883 (7th Cir. 1989). At the threshold, a plaintiff must show some likelihood of success on the merits and that irreparable harm will result if the requested relief is denied. If plaintiff makes both showings, the court then moves on to balance the relative harms and public interest, considering all four factors under a "sliding scale" approach. In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1300 (7th Cir. 1997).

This court requires that a party seeking emergency injunctive relief follow specific procedures for obtaining such relief. Those procedures are described in a document titled Procedure To Be Followed On Motions For Injunctive Relief, a copy of which is included with this order. Plaintiff should pay particular attention to those parts of the procedure that require him to submit proposed findings of fact in support of his motion and point to admissible evidence in the record to support each factual proposition.

The main problem with plaintiff's submissions is that he has not included a statement of proposed findings of fact. The court's procedures require that plaintiff submit individually numbered proposed findings of fact, each of which is followed by a citation to

2

the location of admissible evidence in the record that supports the factual proposition. In his proposed findings of fact, plaintiff should describe what happened to him as if he were telling a story to someone who does not know anything about the case, explaining what each defendant did and when they did it. Then plaintiff should explain what affidavit or other piece of evidence he has to support each finding, and he should attach each document to his findings.

I will give plaintiff another chance to comply with the court's procedures. Plaintiff must file with the court and serve on defendants his motion for preliminary injunctive relief in accordance with this court's procedures. I will return the documents plaintiff attached to his affidavit so that he can use them in preparing his findings of fact.

Finally, my review of the docket in this case shows that after plaintiff filed his motion, a response deadline was set giving defendants until March 15, 2010 to submit materials in response to the motion. I will strike this schedule in order to give plaintiff an opportunity to submit his motion for preliminary injunctive relief in accordance with the court's procedures. Plaintiff will have until March 11, 2010 to file these materials. Defendants may have until March 25, 2010 to file a response.

ORDER

IT IS ORDERED that the March 15, 2010 deadline for defendants to respond to

plaintiff's motion for a preliminary injunction is STRICKEN.

Further, IT IS ORDERED that plaintiff may have until March 11, 2010, in which to file a motion for preliminary injunctive relief against defendants that complies with the court's procedures. Defendants may have until March 25, 2010, in which to file a response.

Entered this 26th day of February, 2010.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge