IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD STEWART,

                                                                                                   ORDER

                      Plaintiff,

                                                                                09-cv-687-bbc

    v.

KAREN E. TIMBERLAKE,
JOHN EASTERDAY and
STEVE WATTERS,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff is proceeding in this case on his claims that defendants violated his First Amendment right to access video games and his rights under Wisconsin's mental health act, Wis. Stat. § 51.61(1)(e).  In an order dated February 26, 2010, I gave plaintiff another chance to submit materials in support of his motion for a preliminary injunction because his submissions did not comply with this court's procedures on obtaining injunctive relief. Now plaintiff has filed a motion for a preliminary injunction and affidavit in support that are nearly identical to his original submissions.  Because plaintiff has not cured the defects in his prior submissions, I will give him one final chance to submit materials in support of his motion that comply with this court's procedures.

1

The first problem is that the statement of proposed facts plaintiff has included in his motion is not in compliance with the court's procedures. In many of his findings of fact, plaintiff provides conclusory statements about his claims instead of factual propositions. As an example, plaintiff has proposed that "being prohibited from video games is not necessary to his treatment, is in excess of defendants' authority . . . and that defendants are not able to demonstrate that video gaming is in any honest assessment a real treatment, safety or security concern in regard to the plaintiff." Dkt. #20, ¶3. Proposed facts such as this do not provide a factual explanation for something that happened in the case.

A second problem is that plaintiff's documentary evidence is not admissible because none of the exhibits have been authenticated. They have not been attached to an affidavit in which a person who has personal knowledge of what the exhibits are declares under penalty of perjury or swears under oath that the exhibits are true and correct copies of the documents they appear to be. For example, if plaintiff wants to submit a copy of an institution policy that is the subject of this lawsuit, and he obtained the policy from defendants during the discovery phase of this proceeding, he should prepare an affidavit in which he declares under penalty of perjury that the exhibit (identified by the number he gave it) is a true and correct copy of the policy he received from defendant during discovery.

As I explained to plaintiff in the February 26 order, he should describe what happened to him as if he were telling a story to someone who does not know anything about the case,

2

explaining what each defendant did and when they did it. Then plaintiff should explain what affidavit or other piece of evidence he has to support each finding, and he should attach each document to his findings. He should focus on explaining specific events and not rely on generalizations or conclusions he has about the case.

Because plaintiff failed to comply with this court's procedures to be followed on motions for injunctive relief, I will give him a final chance to comply with these procedures. (Plaintiff has already received a copy of these procedures but I will send him another copy with this order. He is urged to read them carefully.) Also, I will return the documents plaintiff attached to his affidavit so that he can use them in preparing his findings of fact. Plaintiff will have until March 31, 2010 to submit his proposed findings of fact and evidence in support of his findings. Defendants will have until April 14, 2010 to respond.

ORDER

IT IS ORDERED that plaintiff may have until March 31, 2010 to submit materials in support of his motion for preliminary injunctive relief that complies with the court's

3

procedures. Defendants have until April 14, 2010 to file their response

Entered this 16th day of March, 2010.

>BY THE COURT:
>
>/s/
>
>_____
>BARBARA B. CRABB
>District Judge